IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA ORTIZ, ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| INTEGRITY MEDICAL SERVICES, ) | |
| LLC, and LANCE CUTSFORTH, ) | |
| ) | |
|    Defendants. ) | |
| ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Brenda Ortiz ("Plaintiff"), and files this Complaint against Defendant Integrity Medical Services, LLC ("Defendant IMS") and Lance Cutsforth ("Defendant Cutsforth") (Defendant IMS and Defendant Cutsforth collectively referred to as "Defendants"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Wyoming limited liability company, resides in this district, and maintains its principle office in the district.  Defendant Cutsforth is an owner of Defendant IMS and resides in this state.  Plaintiff submits herself to jurisdiction in this Court. Venue is present in this jurisdiction pursuant to 28 U.S.C. § 1391.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as a "medical assistant" from September 18, 2017 to June 5, 2018.

7.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA.

8.

While employed by Defendants as a medical assistant, Plaintiff's primary duty was the performance of non-exempt work, specifically manual tasks involved in providing medical care.

10.

Defendants are "employers" as that term has been defined by the FLSA.

11.

During her employment with Defendants, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

12.

Defendant IMS is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Plaintiff provided medical services at the place of employment for other employees who are engaged in commerce. Plaintiff was individually covered under the FLSA.

14.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours she worked in excess of 40.

15.

During her employment with Defendants as a medical assistant, Plaintiff was paid on a salary basis and not paid overtime compensation for hours she worked in excess of 40 in workweeks.

16.

Defendants are governed by and subject to the FLSA.

17.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

18.

Defendant Cutsforth is involved in the day-to-day operations and has substantial operational control over Defendant IMS, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

19.

Defendant Cutsforth exerts substantial control over Defendant IMS's compliance with the FLSA.

20.

Defendant Cutsforth has the power to hire and fire employees, including, without limitation, individuals employed by Defendant IMS in the same capacity as Plaintiff.

21.

Defendant Cutsforth controls employee work schedules or conditions of employment including, without limitation, individuals employed by Defendant IMS in the same capacity as Plaintiff.

22.

Defendant Cutsforth determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant IMS in the same capacity as Plaintiff.

## Count I

## Violations of the Fair Labor Standards Act.

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

25.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

26.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)    Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E)    Award Plaintiff such further and additional relief as may be just and appropriate.

This 16th day of July 2018.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Brenda Ortiz

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120 (phone)
(404) 214-0125 (facsimile)
severin@justiceatwork.com

8