IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA ORTIZ,             ) | |
| ) | Civil Action No. |
| Plaintiff,                ) | 1:18-cv-03401-AT |
| v.                        ) | |
| ) | JURY TRIAL DEMANDED |
| INTEGRITY MEDICAL SERVICES, ) | |
| LLC, CHRISTOPHER DRESKA, and ) | |
| LANCE CUTSFORTH,          ) | |
| ) | |
| Defendants.               ) | |

_____

## SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Brenda Ortiz ("Plaintiff"), and files this Complaint against Defendants Integrity Medical Services, LLC ("Defendant IMS")[1], Christopher Dreska, ("Defendant Dreska") and Lance Cutsforth ("Defendant Cutsforth") (Defendant IMS, Defendant Dreska, and Defendant Cutsforth collectively referred to as "Defendants"), and shows the following:

---

[1] As noted in the Suggestion of Bankruptcy filed by Plaintiff on December 4, 2018 [Doc. 13], Defendant IMS has filed for bankruptcy. Therefore, an automatic stay is currently in place <u>with respect to Defendant IMS only</u>. This Second Amended Complaint is not intended to be construed as further action against Defendant IMS. Until further notice, Plaintiff is not seeking relief <u>against Defendant IMS</u> during the pendency of the bankruptcy stay.

## I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant IMS is a Wyoming limited liability company, resides in this district, and maintains its principle office in the district. Defendants Dreska and Cutsforth are owners of Defendant IMS and reside in this state. Plaintiff submits

herself to jurisdiction in this Court. Venue is present in this jurisdiction pursuant to 28 U.S.C. § 1391.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as a "medical assistant" from September 18, 2017 to June 5, 2018.

7.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA.

8.

While employed by Defendants as a medical assistant, Plaintiff's primary duty was the performance of non-exempt work, specifically manual tasks involved in providing medical care.

10.

Defendants are "employers" as that term has been defined by the FLSA.

11.

During her employment with Defendants, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

12.

Defendant IMS is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Plaintiff provided medical services at the place of employment for other employees who are engaged in commerce. Plaintiff was individually covered under the FLSA.

14.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours she worked in excess of 40.

15.

During her employment with Defendants as a medical assistant, Plaintiff was paid on a salary basis and not paid overtime compensation for hours she worked in excess of 40 in workweeks.

16.

Defendants are governed by and subject to the FLSA.

17.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

18.

Defendants Dreska and Cutsforth are involved in the day-to-day operations of and have substantial operational control over Defendant IMS, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

19.

Defendants Dreska and Cutsforth exert substantial control over Defendant IMS's compliance with the FLSA.

20.

Defendants Dreska and Cutsforth have the power to hire and fire employees, including, without limitation, individuals employed by Defendant IMS in the same capacity as Plaintiff.

21.

Defendants Dreska and Cutsforth control employee work schedules or conditions of employment including, without limitation, the schedules and conditions for individuals employed by Defendant IMS in the same capacity as Plaintiff.

22.

Defendants Dreska and Cutsforth determine the rate and method of payment for employees including, without limitation, individuals employed by Defendant IMS in the same capacity as Plaintiff.

## Count I

## Violations of the Fair Labor Standards Act.

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

25.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

26.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court[2]:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

---

[2] This Prayer for Relief should not be interpreted as seeking further relief against Defendant IMS during the pendency of the bankruptcy stay with respect to Defendant IMS.  See *supra*, footnote 1.

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 10th day of December 2018.

**BARRETT & FARAHANY**

/s/ Benjamin A. Stark
V. Severin Roberts
Georgia Bar No. 940504
Benjamin A. Stark
Georgia Bar No. 601867
Attorneys for Brenda Ortiz

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120 (phone)
(404) 214-0125 (facsimile)
severin@justiceatwork.com
bstark@justiceatwork.com