FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 18 2019

JAMES N. HATTEN, Clerk
By: SBpr Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRENDA ORTIZ, | ) | |
| | ) | Civil Action No |
| Plaintiff, | ) | 1:18-cv-03401-AT |
| | ) | |
| v. | ) | |
| | ) | |
| INTEGRITY MEDICAL SERVICES, LLC, | ) | |
| CHRISTOPHER DRESKA, AND | ) | |
| LANCE CUTSFORTH, | ) | |
| Defendants. | ) | |

## DEFENDANT'S DRESKA RESPONSE
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Defendant Christopher Dreska (defendant Dreska), and hereby answers Plaintiff's Complaint as follows:

I. Nature of Complaint

1. This is an action seeking remedy and redress for unlawful employment practices.

Answer:

DENY - Defendant denies the allegations in this paragraph.

2. This action seeks remedy and redress for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FSLA").

Answer:

DENY - Defendant denies the allegations in this paragraph and further denies that Plaintiff is entitled to any relief whatsoever.

II. Jurisdiction and Venue

3. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331. Defendant admits the allegations in this paragraph.

4. Defendant Dreska is a resident of Georgia and is subject to the jurisdiction of this Court. Defendant Integrity Medical Services LLC (IMS) filed Chapter 7 Bankruptcy protection on October 4, 2018 in the United States Bankruptcy Court District of Wyoming, which bears case number 18-20790, Bankruptcy Trustee Tracy Zubron, 219 East 18th Street, Cheyenne, WY 92001.

### III.     Parties and Facts

5. DENY – Upon information and belief, Plaintiff is a resident of the state of Maryland.

6. DENY - Plaintiff was a 1099 contractor to Defendant IMS from September 18, 2017 until February 16, 2018. Plaintiff was never an employee of Defendant Dreska.

7. DENY - Plaintiff was never an employee of Defendant Dreska or IMS. In February 2018, Plaintiff was converted to an exempt employee of Milton Park Partners, Inc. (MPP), a Professional Employment Organization (PEO) contracted by defendant IMS. Plaintiff signed exempt employee agreement with MPP.

8. DENY - Plaintiff was a medical assistant with professional training and responsibilities for allergy testing and immunotherapy. Plaintiff was an exempt employee of MPP.

9. Plaintiff's Complaint does NOT contain a paragraph #9

10. DENY - Defendants specifically contracted with and used a Professional Employment Organization (PEO) and leased employees from that organization. The Defendants contracted with MPP for PEO services.

11. DENY - Plaintiff never worked 40 hours per week. Plaintiff was routinely late to work, took 2-3 hour lunches, and routinely left early. Plaintiff also falsified reporting

by remotely logging in on several occasions to 'appear' to be at work while actually not on site.

12. DENY – Defendant IMS's revenue for the seven months of operation in 2018 did not exceed $500,000. Defendant IMS has filed a voluntary Chapter 7 Bankruptcy on October 4, 2018 in United States District Court for the District of Wyoming, Case 18-20790.

13. DENY - Plaintiff did not provide medical services to other employees of the company. Defendant Dreska never employed Plaintiff.

14. DENY - Plaintiff never worked 40 hours per week.

15. DENY - Plaintiff was an exempt employee and never worked more than 40 hours per week. Plaintiff worked as a 1099 contractor and then worked as an exempt employee of MPP.

16. DENY - Defendant IMS utilized a PEO and leased employees from the PEO.

17. DENY – Defendant does not now, nor did he ever owe Plaintiff wage differential. Plaintiff was an exempt employee and never worked more than 40 hours per week.

18. DENY - Defendants Dreska did not have substantial control over all operations of IMS. Milton Park Partners controlled employee regulatory issues for IMS, including compliance with FLSA.

19. DENY - Milton Park Partners controlled FLSA compliance for the employees that Defendant IMS leased from Milton Park Partners.

20. DENY – Defendant Dreska did not have power to hire and fire employees. Milton Park Partners controlled final decisions for hiring and firing.

21. DENY - Defendant denies the allegations in this paragraph.

22. DENY - Defendant denies the allegations in this paragraph. Employee pay rates were determined by committee, and not by defendant Dreska individually.

23. DENY – Defendant denies the allegations in this paragraph.

24. DENY - Defendant denies the allegations in this paragraph.

25. DENY - Defendant denies the allegations in this paragraph.

26. DENY – Defendant denies the allegations in this paragraph.

WHEREFORE, Defendant respectfully submits that Plaintiff's Complaint should be dismissed in its entirety with prejudice and that Defendant should be awarded its costs, attorneys' fees, and any other relief this Court deems appropriate.

January 18, 2019

Respectfully submitted,
By: s/Christopher Dreska
Pro Se

4818 Longcourt Drive SE
Atlanta, GA 30339
(404) 932-8257
cdreska@gmail.com

Certificate of Service

The undersigned certifies that he sent via U.S. Mail this response to the following counsel of record a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Amended Complaint, by U.S. regular mail, proper postage prepaid, on Janaury 18, 2019.

V. Severin Roberts
Georgia Bar No. 940504
Attorney for Brenda Ortiz
1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120 (phone)
(404) 214-0125 (facsimile)
severin@justiceatwork.com

By: s/Christopher Dreska
Defendant and Pro Se Litigant